UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:17-115-KKC-5 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| DAVID J. JACKSON, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant David J. Jackson's ("Jackson") motion for compassionate release and appointment of counsel. (DE 364). Jackson pleaded guilty to one count of conspiring to distribute heroin and fentanyl and was sentenced to 97 months of incarceration, with a four-year term of supervised release. (DE 195, 295.) He is currently incarcerated at FCI Beckley in Beaver, West Virginia. He now moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A) (DE 364). As grounds, Jackson asserts that he suffers from chronic asthma, and thus has a high risk of severe illness or death from COVID-19. The United States concedes that Jackson's motion is timely but otherwise objects on the merits. (DE 366). The Court agrees with this assessment and will **deny** the pending motion.

The compassionate-release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however,

the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." But, the Sentencing Commission's applicable policy statement to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence; one of these is the medical condition of the defendant. The defendant's asserted condition, however, must include one of two things: a "terminal illness" *or* a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. Manual § 1B1.13 cmt. n.1. Here, Jackson does not assert, nor is there an evidence in the record, that he has a terminal illness as defined under the policy statement. Likewise, he does not assert, nor is there any evidence in the record, that he has a permanent impairment that has diminished his ability to provide self-care within the prison environment.

The policy statement does, however, have a catchall provision which provides that undefined "other reasons" *may* exist that constitute an extraordinary and compelling reason to modify a sentence. Despite this, these "other reasons" may only be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1 (D). And this Court has determined that it holds no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement. *See United States v. Lynn,* No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019).

The Court also finds that the factors under 18 U.S.C. § 3553(a) do not support Jackson's release. Given the gravity of Jackson's drug offense and that he has only served a small fraction of his 97-month sentence (*see* DE 295 at 2), release is not appropriate. In fact,

Jackson's drug trafficking offense suggests that he poses a continued danger to the safety of the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.").

Finally, the Court will deny Jackson's request for appointment of counsel. There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*, No. CR 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel falls within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). The Court finds that denial of Jackson's § 3582 motion is appropriate; therefore, there is no reason for appointment of counsel.

In conclusion, the Court **HEREBY ORDERS** that defendant's motion (DE 364) is **DENIED**.

Dated October 2, 2020,

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY